UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DEBORAH A. YOUNG,

      Plaintiff,

v.                            CASE NO. 3:14-cv-1150-J-34JBT

RIVER REGION HUMAN
RESOURCES, INC.,

      Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on the parties' Second Joint Motion for

Approval of Settlement Agreement and to Dismiss Lawsuit with Prejudice ("Motion")

(Doc. 20).   The undersigned has reviewed the filings in this case and finds that there

is no need for a hearing.   For the reasons discussed herein, the undersigned

recommends that the Motion be **GRANTED**, the FLSA Settlement Agreement and

General Release ("Settlement Agreement") (Doc. 20-1) be **APPROVED**, and this

action be **DISMISSED with prejudice**.

### I.    Background

      Plaintiff filed the instant action pursuant to the Fair Labor Standards Act

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a).  "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).

("FLSA"), 29 U.S.C. §§ 201–19, alleging that Defendant failed to pay Plaintiff's minimum wages and failed to pay Plaintiff's overtime compensation.  (Doc. 1.) Plaintiff also alleged that Defendant breached an implied in fact contract by failing to pay Plaintiff her accrued regular wages at her regular rate of pay.  (*Id.*)  Plaintiff alleged that she was an hourly employee who was made to work extra hours without pay.  (*Id.* at 1.)  Plaintiff alleged that for the extra unpaid hours that did not amount to overtime hours, she was entitled to minimum wage.  (*Id.* at 4, 6.)  Plaintiff further alleged that for the unpaid hours beyond 40 hours weekly, she was entitled to overtime compensation.  (*Id.* at 7.)  Defendant denied that Plaintiff was entitled to any of the damages or relief sought and asserted a number of affirmative defenses. (Doc. 7.)

On April 17, 2015, the parties filed a Joint Motion for Approval of Settlement Agreement and to Dismiss Lawsuit with Prejudice ("Original Motion") (Doc. 18).  The Original Motion lacked sufficient detail regarding the settlement process and lacked sufficient information regarding Plaintiff's attorney's fees and costs.  (*See* Doc. 18.) Furthermore, the Original Motion referred to the Settlement Agreement as a "[c]onfidential" agreement.  (*Id.* at 2.)  The undersigned denied the Original Motion without prejudice and directed the parties to file a renewed motion for approval of a settlement agreement.  (*See* Doc. 19.)

On May 11, 2015, the parties filed the Motion.  The Motion remedied the problems with the Original Motion, and the parties provided records of attorney's

fees (Doc. 20-2).   The Settlement Agreement provides that Defendant will pay Plaintiff (1) $3,500.00, less all applicable withholding taxes and payroll deductions, "as payment for claims for alleged overtime wages"; (2) $3,500.00 as payment for liquidated damages; and (3) $5,000.00 to Plaintiff's counsel for "professional services rendered" in this case.   (Doc. 20-1 at 1–2.)

## II.   Standard

Section 216(b) of the FLSA provides in part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).

"[I]n the context of suits brought directly by employees against their employer under section 216(b) . . . . the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).   Judicial review is required because the FLSA was meant to protect employees from substandard wages and oppressive working hours, and to prohibit the contracting away of these rights.   *Id.* at 1352.   "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in

dispute," the district court is allowed "to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In addition, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).

In *Bonetti v. Embarq Mgmt. Co.*, the court analyzed its role in determining the fairness of a proposed settlement under the FLSA, and concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Other cases from this district have indicated that when attorney's fees are negotiated separately from the payment to a plaintiff, "an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.*, Case No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575,

at *4 (M.D. Fla. Mar. 7, 2007).

### III.   Analysis

Plaintiff initially sought $13,612.50 for unpaid wages.  (Doc. 8 at 2; Doc. 20 at 3.)  After the parties exchanged documents, however, "it became clear that the amount of hours claimed by Plaintiff were not as many as originally estimated." (Doc. 20 at 3.)  "Based on the time records and new data, [the parties] agreed that $3500 was a more accurate approximation of possible damages."  (*Id.* at 4.) Furthermore, "the parties dispute whether any liability exists in the instant action." (*Id.* at 3.)

Additionally, the parties represent that "[a]fter determining the proper damages for Plaintiff," the parties discussed attorney's fees.  (*Id.* at 4.)  The $4,353.80 ($5,000.00 - $646.20 in costs) to be paid in attorney's fees is discounted from the time actually spent on and billed for the case prior to reaching a settlement, which totaled $11,112.50.  (*Id.*)

The undersigned has reviewed the proposed settlement and recommends that it represents "a fair and reasonable resolution of a bona fide dispute" over provisions of the FLSA.  *See Lynn's Food*, 679 F.2d at 1355.  Plaintiff's recovery appears reasonable given that it approximates Plaintiff's recalculated damages after review of documentary evidence.  Moreover, Plaintiff is represented by an attorney.  Thus, the undersigned recommends that the settlement reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by

5

an employer's overreaching." *Id.* at 1354.

Regarding fees and costs, the ultimate issues pursuant to *Silva* are "both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers." 307 F. App'x at 351. Moreover, the Court need not conduct an in-depth analysis of the reasonableness of the attorney's fees and costs if the proposed settlement appears reasonable on its face and there is no reason to believe that Plaintiff's recovery was adversely affected by the amount of attorney's fees and costs to be paid to his counsel. *See King*, 2007 WL 737575, at *4.

The undersigned has already recommended that the settlement appears reasonable. In addition, there is no reason to believe that Plaintiff's recovery was affected by the amount of attorney's fees and costs agreed upon. Thus, no conflict of interest taints the amounts to be recovered by Plaintiff. Although the Motion states that the subject attorney has been previously approved in this district for a $350 per hour rate, he has significantly discounted his fees from $11,112.50 to $4,353.80. (Doc. 20 at 4.) Thus, his effective rate in this case is $137.13. Moreover, although the amount of costs ($646.20) includes some travel expenses ($206.20), they are minor and do not taint the overall settlement. Therefore, the amounts for fees and costs do not appear unreasonable on their face, and it appears that counsel is being adequately compensated for his work. Thus, both aspects of

the *Silva* attorney's fee inquiry are satisfied.[2]

Finally, the Motion requests that the Court retain jurisdiction to enforce the terms of the settlement.  (Doc. 20 at 3.)  The Court's decision whether to retain jurisdiction over the terms of a settlement agreement is discretionary.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994).  The undersigned recommends that the Court expressly retain jurisdiction for a short period of time to ensure that payment is made.  *Kokkonen*, 511 U.S. at 381.

Therefore, it is respectfully **RECOMMENDED** that:

1.    The Motion (**Doc. 20**) be **GRANTED.**

2.    The FLSA Settlement Agreement and General Release (**Doc. 20-1**) be **APPROVED**.

3.    The case be **DISMISSED with prejudice**, with the Court, at its option, expressly retaining jurisdiction for a short period of time to ensure that payment is made.

**DONE AND ENTERED** at Jacksonville, Florida, on May 29, 2015.

_____
JOEL B. TOOMEY
United States Magistrate Judge

---

[2] Since the undersigned is not conducting an in-depth analysis of the reasonableness of the fees and costs, this case provides no precedent for a case in which such an analysis is required.

7

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record